**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUNGSOO PARK, | Civil Action No. 15-02867(SDW)(SCM) |
| Plaintiff, | |
| v. | **OPINION** |
| ARS NATIONAL SERVICES, INC. and JOHN DOES 1 to 10, | |
| Defendant. | October 30, 2015 |

**WIGENTON,** District Judge

Before this Court is Defendant ARS National Services, Inc.'s Amended Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). This Court, having considered the parties' submissions decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, ARS National Services, Inc.'s Motion is **DENIED**.

**I.      JURISDICTION AND VENUE**

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## II.      BACKGROUND

Plaintiff Sungsoo Park filed the operative Amended Complaint in this case on July 14, 2015[1] against Defendant ARS National Services, Inc. ("Defendant") and John Does 1 to 10, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (*See generally* Am. Compl.)  Defendant filed an Amended Motion for Judgment on the Pleadings on October 27, 2015, arguing that Plaintiff's Amended Complaint failed to sufficiently state a claim under the FDCPA.[2]  (*See generally* Def.'s Br. Supp. Am. Mot. J. Pleadings ("Def.'s Br. Supp.").)

According to Plaintiff, Defendant is a consumer debt collection agency which mailed collection letters to Plaintiff, an individual consumer, in an effort to collect a debt Plaintiff owed to a third-party bank.  (Am. Compl. ¶¶ 13, 17, 23.)  Defendant sent four letters to Plaintiff in 2014 using "window envelopes" which exposed portions of the letters through glassine windows.  (Am. Compl. ¶¶ 23, 26, 27.)  In addition to Plaintiff's and Defendant's mailing information, the glassine windows exposed a barcode containing the account number the Defendant had assigned to Plaintiff's debt.[3]  (Am. Compl. ¶ 27.)  The information in the barcode could be accessed through readily available consumer electronic devices, including smartphones, by using barcode scanning applications.  (Am. Compl. ¶¶ 28-30.)

Plaintiff argues that Defendant violated the FDCPA by sending the collection letters with the barcode containing Plaintiff's account number exposed because Section 1692f(8) prohibits:

> "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram,

---

[1] Plaintiff filed his original complaint on April 22, 2015.

[2] Defendant filed a previous motion for judgment on the pleadings on June 19, 2015 and filed a previous version of the current motion on July 21, 2015.

[3] The account number is one Defendant assigned to Plaintiff's debt and not the account number associated with Defendant's third-party bank account.

except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

(Am. Compl. ¶ 44 (quoting 15 U.S.C. § 1692f(8)).)

Defendant argues that its conduct does *not* violate the FDCPA because the barcode on the letters is a "benign symbol" and should be subject to a "benign words and symbols" exception to the FDCPA.  (Def.'s Br. Supp. 8-15.)  Defendant also contends that it would be "inappropriate" to apply the FDCPA under these circumstances because "[t]he only way to view the information stored in the barcode at issue requires illegal action by a third party."  (Def.'s Br. Supp. 15.)

In considering these arguments the scope of the issue before the Court is narrowed by the Third Circuit's holding in *Douglass v. Convergent Outsourcing* that exposing a debt consumer's *account number* through a glassine window on a collection letter violates the FDCPA.  765 F.3d 299, 305-06 (3d Cir. 2014).  Consequently, the issue before the Court is whether a debt collector may avoid liability under the FDCPA by embedding that same account number within a barcode.

### III.    LEGAL STANDARD

When a party makes a motion for judgment on the pleadings based on the defense of failure to state a claim upon which relief can be granted, the Court "appl[ies] the same standards as under Rule 12(b)(6)."  *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *see Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146 (3d Cir. 2013); *see also* Fed. R. Civ. P. 12(h)(2)(B).  Under the Rule 12(b)(6) standard, the movant bears the burden of establishing that the complaint has failed to sufficiently state a claim.  *Animal Sci. Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 470 (3d Cir. 2011), *as amended* (Oct. 7, 2011).  In addition, "[a] court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff."  *N.J. Carpenters & the Trustees Thereof v. Tishman Const. Corp. of N.J.*,

760 F.3d 297, 302 (3d Cir. 2014) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  Furthermore, the question before the Court on such a motion is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 555 (2007)) (internal quotation marks omitted).  Although the plaintiff is not required to make "detailed factual allegations," the complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  In other words, "the pleaded factual content [must allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 662.

## IV.    DISCUSSION

To survive Defendant's Amended Motion for Judgment on the Pleadings, Plaintiff's Amended Complaint must have sufficiently alleged that "(1) [Plaintiff] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass*, 765 F.3d at 303 (citing *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005)).  Defendant contends that Plaintiff's Amended Complaint fails to satisfy the fourth element.  (*See* Def.'s Br. Supp. 5.)  Therefore, the Court must determine whether Plaintiff has alleged sufficient facts, accepted as true, to plausibly claim that Defendant

4

violated Section 1692f(8) of the FDCPA by sending debt collection letters to Plaintiff with a barcode containing Plaintiff's account number exposed through the glassine envelope windows. 15 U.S.C. § 1692f(8).

Defendant argues, on two grounds, that Plaintiff failed to adequately allege Defendant violated the FDCPA.  (*See generally* Def.'s Br. Supp.)  First, Defendant contends that the barcode containing Plaintiff's account number is a "benign symbol" and should fall under a "benign words and symbols" exception to the FDCPA.  (*Id.* at 8-15.)  According to Defendant, the barcode is a benign symbol because it "does not suggest anything about the contents of the enclosed correspondence" and "cannot convey any information" without scanning equipment (i.e., a smartphone).  (*Id.* at 14.)  Furthermore, Defendant argues that the FDCPA was not intended to prohibit benign symbols despite its plain wording prohibiting debt collector's from "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer."  (*Id.* at 8-10 (quoting 15 U.S.C. § 1692f(8)).)

Second, Defendant maintains that the FDCPA does not apply to its conduct because other laws and regulations (for example, 18 U.S.C. § 1702 and the *United States Postal Service Handbook*) prohibit third-party individuals from scanning barcodes on mail parcels.  (Def.'s Br. Supp. 15-18.)  Although Defendant admits it is possible a third party could intercept Defendant's letters and scan the barcodes, Defendant claims that "the imposition of liability . . . due to the possibility a third party would break federal law is inappropriate."  (*Id.* at 16.)

Plaintiff responds to Defendant's arguments first by averring that the Third Circuit has not adopted a "benign [symbols] exception."  (Pl.'s Br. Opp'n Def.'s Mot. J. Pleadings ("Pl.'s Br. Opp'n") 13-18.)  Furthermore, Plaintiff argues that even if the Third Circuit had adopted such an exception, the barcode at issue is not benign and would not fall under the exception.  (*Id.*)

Specifically, Plaintiff asserts that the barcode falls within both the plain language and the purposes of the FDCPA. (*Id.*) Finally, Plaintiff argues that the existence of laws and regulations prohibiting third parties from scanning barcodes on mail is irrelevant since the purpose of Section 1692f(8) is to prohibit debt collectors from exposing personal information that could potentially cause harm to consumers. (*Id.* at 18-19.) Plaintiff also points out that the FDCPA can be read in harmony with those laws to provide additional protection to consumers. (*Id.* 19-20.)

In light of these contentions the Court must determine whether Plaintiff has alleged sufficient facts to state a facially plausible claim that Defendant violated the FDCPA by exposing the barcode containing Plaintiff's account number through a glassine envelope window. *See Douglass*, 765 F.3d at 303 (explaining that the fourth element of an FDCPA claim is that "the defendant has violated a provision of the FDCPA in attempting to collect the debt").

The Third Circuit addressed similar facts in *Douglass v. Convergent Outsourcing* where, in an attempt to collect a debt, the defendant publicly disclosed a debt consumer's account number (as opposed to a barcode containing the account number) through an envelope's glassine window. 765 F.3d at 300-01.[4] The Third Circuit analyzed both the language and underlying purposes of the FDCPA before holding not only that Section 1692f(8) applies to language and symbols visible through glassine envelope windows, but also that the plaintiff's account number was "impermissible language or symbols under §1692(8)." *Id.* at 306. The court based the latter holding on the fact that the plaintiff's account number was neither "meaningless" nor "benign" since it was "a piece of information capable of identifying [the plaintiff] as a debtor," implicating the privacy concerns behind the FDCPA. *Id.* at 305-06. Thus, in the instant case, this Court must determine whether by embedding the Plaintiff's account number in a barcode, the Defendant

---

[4] Although the envelope at issue in *Douglass* also exposed a barcode, the Third Circuit only addressed the defendant's exposure of the account number itself. *See Douglass*, 765 F.3d at 301 n.4.

avoids running afoul of the Third Circuit's holding in *Douglass* that exposing the account number itself violates the FDCPA. *See Id.*

As the Third Circuit did in *Douglass*, this Court must begin with the text of the FDCPA. *Id.* at 302 (citing *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011)). Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute provides in its subsections a non-exhaustive list of conduct that would constitute "unfair or unconscionable means" including "[u]sing *any language or symbol*, other than the debt collector's address" on debt collection envelopes. 15 U.S.C. § 1692f(8) (emphasis added). This text is unequivocal regarding symbols such as the barcode visible on the debt collection letters Defendant sent to Plaintiff. Thus, "[b]ecause the statute's language is plain, [this Court's] sole function is to 'enforce it according to its terms,' so long as 'the disposition required by that [text] is not absurd.'" *Douglass*, 765 F.3d at 303 (quoting *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 759 (3d Cir. 2009)). Although Defendant does not explicitly argue that applying the FDCPA to the barcode at issue is absurd, Defendant alludes to such a position by arguing that there should be a "benign symbols exception" to the FDCPA and that the barcode is benign. (Def.'s Br. Supp. 8-15.) However, as in *Douglass*, this Court need not reach the question of whether a benign symbols exception exists because the symbol at issue, the barcode, is not benign. *See Douglass*, 765 F.3d at 303 ("We need not decide whether § 1692f(8) contains a benign language exception because [the language at issue] is not benign.").

In *Douglass*, the Third Circuit based its determination that the plaintiff's account number was not benign on the underlying purposes of the FDCPA. *See Douglass*, 765 F.3d at 303-06. In enacting the FDCPA, Congress recognized that "existing laws and procedures . . . [were]

inadequate to protect consumers" from abusive debt collection practices. 15 U.S.C. § 1692(b).

"[A]busive, deceptive, and unfair debt collection practices" had injured consumers in a number of

ways, including through "invasions of individual privacy." *Id.* § 1692(a).  Congress enacted the

FDCPA to combat these injuries and, therefore, "[a]s remedial legislation, the FDCPA must be

broadly construed in order to give full effect to these purposes." *Douglass*, 765 F.3d at 302

(quoting *Caprio*, 709 F.3d at 148) (internal quotation marks omitted).

   Here, as in *Douglass*, Defendant's alleged behavior "implicates a core concern animating

the FDCPA—the invasion of privacy." *Douglass*, 765 F.3d at 303.  While it may be true that

Plaintiff's account number was embedded in a barcode, it was readily available to anyone who

would scan it.  (Am. Compl. ¶¶ 27-30.)  Despite requiring the extra step of scanning the barcode

to access it, the Plaintiff's account number is still "a core piece of information pertaining to

[Plaintiff's] status as a debtor and [Defendant's] debt collection effort." *Douglass*, 765 F.3d at

303.  Thus, although the account number was embedded in a barcode, disclosure of that barcode

"implicates core privacy concerns [and] cannot be deemed benign" because "[d]isclosed to the

public, it *could be used* to expose [Plaintiff's] financial predicament." *Douglass*, 765 F.3d at 303-

04 (emphasis added); *see Styer v. Prof'l Med. Mgmt., Inc.*, No. 3:14-CV-2304, 2015 WL 4394032,

at *7 (M.D. Pa. July 15, 2015) ("Like the account number at issue in *Douglass,* the disclosure of

the QR code, which contains Plaintiff's account number, implicates a core concern animating in

the FDCPA, specifically the invasion of privacy.") (first citing 15 U.S.C. § 1692(a); then citing

*Douglass*, 765 F.3d at 303); *see also Kostik v. ARS Nat. Servs., Inc.*, No. 3:14-CV-2466, 2015 WL

4478765, at *6 (M.D. Pa. July 22, 2015) (holding that the plaintiff pled sufficient facts to survive

a motion for judgment on the pleadings where the plaintiff's account number was embedded in a

barcode).  Consequently, this Court cannot draw a meaningful distinction between the FDCPA's

application to account numbers, as in *Douglass*, and to barcodes *containing* account numbers, as in the instant case.  This determination is also unchanged by Defendant's argument that it is "inappropriate" to apply the FDCPA when use of the information on the debt collector's envelope would require a third party to break the law.  (*See* Def.'s Br. Supp. 15-18.)

Defendant's argument that the FDCPA does not apply to the barcode at issue because other laws and regulations prohibit third parties from scanning it is unpersuasive.  Neither the text nor the underlying purposes of the FDCPA provide any basis for such an exception.  *See* 15 U.S.C. § 1692f.  The FDCPA's broad language focuses on debt collectors' actions that could harm consumers and on protecting consumers' personal information.  *See, e.g.*, 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."); *Douglass*, 765 F.3d at 303 ("Section 1692f evinces Congress's intent to screen from public view information pertinent to the debt collection." (citations omitted)).  Section 1692(b) also shows Congress' intent to broadly regulate debt collector behavior through the FDCPA despite the existence of related laws: "[e]xisting laws and procedures for redressing [injuries to consumers from abusive debt collection practices] are inadequate to protect consumers."  This purpose of the FDCPA is further supported by the Third Circuit's focus in *Douglass* on the potential harm the debt collector's public disclosure of the plaintiff's account number could cause (i.e., an invasion of the plaintiff's privacy) rather than on whether a third party would violate the law in accessing or using that information.  *See Douglass*, 765 F.3d at 305-06; *Styer*, 2015 WL 4394032, at *8 (noting that the *Douglass* opinion's focus on the debt collector's public disclosure "allows for the inference that the potential of a third party using, possessing, or transferring plaintiff's account number, was, at best, an insufficient reason to find that the disclosure of an account number was not a violation of the FDCPA").  Thus, the remedial purposes and broad language of the FDCPA

do not provide for exceptions to its prohibitions based on legislation that may forbid related behavior by third parties.

In light of the Court's analysis of the FDCPA and the Third Circuit's *Douglass* opinion, the Defendant has not established that Plaintiff's Amended Complaint failed to state a claim upon which relief can be granted. Plaintiff's Amended Complaint states a claim under the FDCPA that is facially plausible and, therefore, Defendant's Amended Motion for Judgment on the Pleadings must be denied.

### V.   CONCLUSION

For the reasons stated above, Defendant's Amended Motion for Judgment on the Pleadings is **DENIED**. An appropriate order follows.

<u>s/ Susan D. Wigenton, U.S.D.J.</u>

Orig:      Clerk
cc:        Steven C. Mannion, U.S.M.J.
           Parties